IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TIN INC.  )<br>)<br>)<br>Defendant.  )<br>)<br>_____) | Civil Action No. **CV05-1324**<br>JUDGE MINALDI   LC<br>MAGISTRATE JUDGE WILSON |

## JOINT STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

Plaintiff, the United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, on behalf of the United States Coast Guard ("Coast Guard"), has filed a complaint simultaneously with the filing of this Stipulation of Settlement and Order.

The United States filed its Complaint pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq., against Defendant TIN Inc., formerly known as Temple-Inland Forest Products Corporation, ("Temple Inland") seeking the recovery of removal costs incurred by the

United States Coast Guard pursuant to OPA arising from the discharge of oil or the substantial threat of a discharge of oil, into or upon the navigable waters of the United States.

The Parties agree that it is in their respective best interests and the public's interest to resolve this matter without further expense and litigation.

The Parties by their respective undersigned attorneys and/or representatives, stipulate and agree as follows:

1. In settlement of the United States' claims alleged in the Complaint filed in this action, Temple Inland shall pay the United States' removal costs in the amount of One Hundred and Twenty Five Thousand ($125,000.00), within thirty (30) calendar days of the date this Joint Stipulation of Settlement and Order ("Stipulation of Settlement") is entered by the Court.

2. Payment of the sum required by Paragraph 1 shall resolve (1) the civil claims of the United States against Defendant Temple Inland for recovery of removal costs incurred in the removal actions that are the subject of the United States' Complaint and (2) any claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., the United States may have against Defendant Temple Inland for recovery of removal costs alleged in the Complaint. The United States reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Stipulation of Settlement.

3. Temple Inland shall make the above referenced payment by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number and DOJ Case No. 90-5-1-1-08008. Payment shall be made in accordance with instructions provided to Temple Inland by the Financial Litigation Unit of the United States Attorney's Office

for the Western District of Louisiana. Any payments received by the Department of Justice after 4:00 P.M. (Central Time) will be credited on the next business day. Upon payment of the sum required by Paragraph 1 of this Stipulation of Settlement, Temple Inland shall simultaneously provide written notice that such payment was made to:

    A.    UNITED STATES COAST GUARD:
             Steve Ewart
             National Pollution Funds Center
             4200 Wilson Blvd., Suite 1000
             Arlington, VA 22203-1804

    B.    DEPARTMENT OF JUSTICE:
             Bruce Gelber
             Chief
             Environment and Natural Resources Division
             Environmental Enforcement Section
             P.O. Box 7611
             Ben Franklin Station
             Washington, DC 20044-7611
             DOJ Ref. No. 90-5-1-1-08008

    4. If payment is not made when due, Interest shall accrue at the statutory interest rate in accordance with 28 U.S.C. § 1961, on any amount overdue. If Interest is due, Temple Inland shall submit a statement with the payment to the Financial Litigation Unit of the United States Attorney's Office for the Western District of Louisiana setting forth the calculation of Interest due. Personnel from the United States Attorney's Office, Financial Litigation Unit will advise Temple Inland in the event such calculation requires adjustment.

    5. In the event that Temple Inland fail to pay the amount specified in Paragraph 1 when due, then, in addition to the Interest required by Paragraph 4 of this Stipulation of Settlement,

Temple Inland shall pay a Stipulated Penalty of One Thousand Dollars ($1,000) per day for each day that payment is not paid in full.

6. If Stipulated Penalties are due, Temple Inland shall pay same either by (a) certified or cashier's check if less than $50,000, or (b) Electronic Funds Transfer ("EFT"), in accordance with instructions provided by the United States Attorney's Office for the Western District of Louisiana, if more than $50,000. Payments made by certified or cashier's check shall be payable to "Treasurer, the United States of America" and tendered to the United States Attorney's Office, for the Western District of Louisiana, 300 Fannin Street, Ste. 3201, Shreveport, Louisiana, 71101-3608.

7. Temple Inland shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts not paid when due under this Stipulation of Settlement.

8. If payment is not made when due, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and reinstate this action.

9. Upon entry of this Stipulation of Settlement, the United States shall be deemed a judgment creditor for purposes of collection of the removal costs, Interest and Stipulated Penalties, if any, and enforcement of this Stipulation of Settlement in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority.

10. This Stipulation of Settlement is limited to the civil claims under OPA, as alleged in the Complaint, and is not intended to, nor shall be construed to, operate in any way to resolve any civil claims other than those set forth in the Complaint or any criminal liability of Temple Inland.

11. Nothing in this Stipulation of Settlement shall be construed to release Temple Inland or their agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain costs, penalties or injunctive relief under OPA or other Federal statutes or regulations for other claims not covered or released in this Stipulation.

12. Execution of this Stipulation of Settlement does not constitute an admission of any fact or legal and/or equitable liability of Temple Inland and shall not be binding on the parties in future proceeding relating to the claims.

13. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing this Stipulation of Settlement.

14. There are no separate agreements or understandings with respect to this matter which have not been set forth in this Stipulation of Settlement.

15. Except as set forth in Paragraph 7 of this Stipulation of Settlement, each party shall bear its own costs and attorney's fees in this action.

16. The undersigned representatives of Temple Inland, and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, U.S. Department of Justice, certify that each is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and to legally bind the party she or he represents to this document.

17. If for any reason the Court should decline to enter this Stipulation of Settlement, this Agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

18. Temple Inland consents to the entry of this Stipulated Settlement and Order of Dismissal without further notice.

As stipulated and agreed to by the parties, IT IS SO ORDERED AND ENTERED this _____ day of _____ , 2005.

Dated: _____     _____

UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA

THE UNDERSIGNED PARTIES enter into this STIPULATION OF SETTLEMENT AND ORDER in the matter of United States v. Temple Inland Forest Products Corporation, in the Western District of Louisiana.

FOR THE UNITED STATES OF AMERICA:

Dated: 7/20/05

CATHERINE R. McCABE
Deputy Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

Dated: JULY 19, 2005

SEAN C. FAHEY
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3145

DONALD W. WASHINGTON
United States Attorney

Dated: July 22, 2005

KATHERINE W. VINCENT
Assistant United States Attorney
800 Lafayette Street
Suite 2200
Lafayette, Louisiana 70501
(337) 262-6618

THE UNDERSIGNED PARTIES enter into this STIPULATION OF SETTLEMENT AND ORDER in the matter of United States v. Temple Inland Forest Products Corporation, in the Western District of Louisiana.

FOR DEFENDANT TEMPLE INLAND:

Dated: July 18, 2005

M. RICHARD WARNER
President, TIN Inc.